# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| David Langford, Estate of Dawna Ray | ) | |
| Langford, Estate of T.L., Estate of R.L., | ) | |
| K.L., X.L. C.L., B.L., D.L., M.L., J.L. | ) | **ORDER AUTHORIZING SERVICE** |
| (minor children of David and Dawna Ray | ) | **BY PUBLICATION** |
| Langford), Brandy Karen Spenst, Bryce | ) | |
| David Langford, Cole Langford, Crystal | ) | |
| Alexis Langford, | ) | |
| | ) | Case No. 1:20-cv-132 (lead case) |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | Case No. 1:20-cv-159 (consolidated case) |
| Juárez Cartel, La Linea, John Does I | ) | |
| through LX, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs initiated the-above captioned action by Complaint on August 25, 2020. On motion by plaintiffs, the court on October 16, 2020, consolidated the above-captioned action with David Langford et al. v. Juarez Cartel, et al., Case Number 1:20-cv-00159 (D.N.D.).

Plaintiffs in the above-captioned action now seek leave to service defendants by publication pursuant to Fed. R. Civ. P. 4(f)(3). They propose to using a method previously approved by this court and publish notice of this lawsuit in Spanish in one national newspaper of general circulation in Mexico once a week for six weeks. Additionally, they propose publishing this same notice online for six weeks on Global Legal Notices LLC, an international online service of process provider. They aver service by publication is necessary and appropriate given that: (1) defendants are believed to be an international criminal syndicate and its members; (2) personal service on defendants is inherently dangerous and difficult.

Rule 4 of the Federal Rule of Civil Procedure authorizes a district court to order an alternate

1

method for service to be effected upon foreign defendants provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. See Fed. R. Civ. P. 4(f)(3); see also Rio Properties v. Intl. Interlink, 284. F.3d 1008, 1016; BP PRoducts North America, Inc.,v. Dagra, 236 F.R.D. 270, 271 (E.D. Va. 2006) (noting that the court is afforded wide discretion in ordering service of process under Rule 4(f)(3)). Specifically, Fed. R. Civ. P. 4(h)(2) provides that a "foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served . . . at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f)" Rule 4(f) provides:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

>> (C) unless prohibited by the foreign country's law, by:

>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

> (3) by other means not prohibited by international agreement, as the court orders.

2

Fed. R. Civ. P. 4(f).

The court finds there is good cause to authorize service by publication given the particular circumstances in this case. First, it appears that neither international law nor treaty prevent service by publication. Second, defendant's precise location is neither known nor easily ascertainable, making services by traditional means virtually impossible . See *BP Prod. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 272 (E.D. Va. 2006) ("Service by publication for a defendant in a foreign country when his exact whereabouts are unknown has also been recognized."). Third, it is unclear who would or could accept service for defendants if their locations could be ascertained. Fourth, defendants are renown for their ruthlessness and violence. Service upon them poses a serious danger of reprisal. Notably, other courts have authorized service through alternative means on foreign individuals and entities of a similar ilk as defendants. See id. at pp. 5-6 (citing cases where district courts approved service by publication against dangerous individuals and entities such as Osama Bin Laden and Al Qaeda); Mwani v. bin Laden, 417 F.3d 1 (D.C. Cir. 2005) (recognizing as valid service of process on a terrorist and terrorist organization); Smith v. Islamic Emirate of Afghanistan, No. 01 CIV 10132 (HB), 2001 WL 1658211, at *3 (S.D.N.Y. Dec. 26, 2001) (authorizing service by publication by alternative means, including service by publication on terrorists and terrorist organizations).

The court further finds that plaintiff's service plan is reasonably calculated to apprise defendant of the existence of this action and afford them an opportunity to present its objections. The notice as proposed by plaintiffs is clear and concise in its description and instruction. The newspapers identified by plaintiffs in their motion as potential publishers of this notice have wide circulation throughout Mexico in addition to an online presence. Finally, the notice provides a means for readers to access the pleadings in their entirety by directing them to a website on which the

pleadings will be posted.

Accordingly, the court **GRANTS** plaintiffs' motion (Case No. 1:20-cv-132, Doc. No. 18). Plaintiffs are authorized to effectuate service by publication. To accomplish this, plaintiffs shall (1) publish a Spanish-language notice of this lawsuit in one national newspaper of general circulation in Mexico once a week for six consecutive weeks; and (2) publish the same notice online for six consecutive weeks on Global Legal Notices LLC. The notice shall contain the case number and caption, a reference to this order, instructions on when and where to serve and file a responsive, a recitation of plaintiffs' claims, and a link to the website on which the Summons and Complaint can be accessed and reviewed in their entirety.

     **IT IS SO ORDERED.**

Dated this 28th day of October, 2020.

                                    */s/ Clare R. Hochhalter*
                                    Clare R. Hochhalter, Magistrate Judge
                                    United States District Court