PILLSBURY WINTHROP SHAW PITTMAN LLP

Geoffrey Sant
Carol Lee
Michelle Ng
31 W. 52nd Street
New York, New York 10019-6131
Telephone.: 212-858-1000
Facsimile: 212-858-1500

*Counsel for Amici Curiae*

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
:
PALACE SKATEBOARDS GROUP and GSLT :
HOLDINGS LIMITED, :
:
Plaintiffs, :
:
- against- : Case No.: 1:21-cv-3951-GHW
:
AIMEEY, ALZTECH, CONG~690, DENNIS AHO, :
DGVH~56, ERIC GANDY, FGFH~456, FUBA246, :
GITROSTORE, GULF_COAST_BOUND, :
HUANGGUANGHAI3221, :
HUANGRUIXIAN65812, HUANGZHILONGER, :
JIAYIMNEI, KENGKENG, LINDSAYYYA, :
LOOM, MUK63211, NEW YEAH, NIKITAMODA, :
OBD HOME LIVING MUSEUM, :
SHENPOHUANG21, STAR'S OCEAN :
CLOTHING MALL, VANGCHENGYUN, WORLD :
WE, XEE82293, XIEZHIWEI, XIONGHOU :
DAMIYA BETTER AND ZHUSHIHAO62923, :
:
Defendants. :
:

|  | : |  |
| --- | --- | --- |
|  | : |  |
| SMART STUDY CO., LTD., | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : | Case No.: 1:21-cv-5860-GHW |
| - against- | : |  |
|  | : |  |
| ACUTEYE-US, APZNOE-US, BEIJINGKANGXINTANGSHANGMAOYOUXIANGONGSI, BLUE VIV, BONUSWEN, CHANGGESHANGMAOYOUXIANGONGSI, CITIHOMY, CKYPEE, DAFA INTERNATIONAL, DAZZPARTY, FAMING, GEGEONLY, HAITING$, HAOCHENG-TRADE, HAPPY PARTY-001, HEARTLAND GO, HUIBI-US, JOYSAIL, JYOKER-US1, KANGXINSHENG1, LADYBEETLE, LICHE CUPCAKE STAND, LVYUN, MARY GOOD SHOP, NA-AMZ001, NAGIWART, NUOTING, QINGSHU, QT-US, SALIMHIB-US, SAM CLAYTONDDG, SENSIAMZ BACKDROP, SHENZHENSHIXINDAJIXIEYOUXIANGONGSI, SMASSY US, SMSCHHX, SUJIUMAISUSU, SUNNYLIFYAU, TELIKE, THEGUARD, TONGMUMY, TOPIVOT, TUOYI TOYS, UNE PETITE MOUETTE, WCH-US, WEN MIKE, WONDERFUL MEMORIES, WOW GIFT, XUANNINGSHANGWU, XUEHUA INC, XUIYU7I, YAMMO202, YICHENY US, YONGCHUNCHENGQINGMAOYIYOUXIANGONGSI, YOOFLY, ZINGON US and 老兵俱乐部, | : : : : : : : : : : : : : : : : : : : : : : : : : : : |  |
| Defendants. | : |  |

---------------------------------------------------------------------x

**BRIEF OF AMICI CURIAE ON SERVICE BY ELECTRONIC MEANS ON CHINESE RESIDENTS UNDER CHINESE LAW**

**TABLE OF CONTENTS**

INTERESTS OF AMICI CURIAE.................................................................................................. 1

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................. 2

ANALYSIS..................................................................................................................................... 3

    I.   Article 284 (formerly Article 277) of the PRC Civil Procedure Law Requires Service of Process for Foreign Litigation to Be Conducted through Chinese Authorities; Direct Service of Process by a Foreign Agency or Individual is Not Permitted .......................... 3

    II.  Service by Electronic Means May Be Used Under PRC Law for Litigation Within China With the Express Consent of the Receiving Party (But Service Must Be Made By the People's Court, Which Must also Receive Confirmation of Delivery) ............................... 5

CONCLUSION............................................................................................................................. 13

## TABLE OF AUTHORITIES

Page(s)

Cases

*Chongqing Alibaba Microfinance Co., Ltd. v. Chen Zhuangqun*,
 Case No. (2017) Zhe 8601 Min Chu No. 943 ................................................................9

*Huang Kegang v. Shayang County Enyu Nursery Stock Company, et al.*,
 Case No. (2021) E 08 Min Xia Zhong No. 72 ................................................................9

*Huang Zunbao v. Pingdingshan Zhongjian Construction Equipment Leasing Co., Ltd.*,
 Case No. (2021) Yu 04 Min Zhong No. 731 ..................................................................9

*Xiaomi v. Inter Digital, Inc.*
 Case No. (2020) E 01 Zhi Min Chu No. 169 (ii) .........................................................11

Statutes and Codes

Civil Code of the People's Republic of China
 Article 496 .................................................................................................................8, 9

Civil Procedure Law of the People's Republic of China
 Article 90 ...................................................................................................................2, 5
 Article 274 ...................................................................................................................11
 Chapter 27 (Articles 283-290) ......................................................................................3

Rules and Regulations

Online Litigation Rules
 Article 29 ......................................................................................7, 9, 11, 12
 Article 31 .....................................................................................................................12

Other Authorities

https://www.court.gov.cn/susongyangshi-xiangqing-378.html ..........................................6

https://www.hcch.net/en/states/authorities/details3/?aid=243 ...........................................4

# INTERESTS OF AMICI CURIAE

Professor Benjamin Liebman is the Robert L. Lieff Professor of Law and Director of Columbia Law School's Hong Yen Chang Center for Chinese Legal Studies. Professor Liebman is the author of more than 30 scholarly articles, chapters, introductions and other works. He is widely regarded as one of the preeminent scholars of contemporary Chinese law. He has consulted with both the U.S. and Chinese governments on legal developments in China. Professor Liebman also serves as the director of the Parker School of Foreign and Comparative Law. Prior to joining Columbia in 2002, Professor Liebman was an associate in the London and Beijing offices of Sullivan & Cromwell. He also previously served as a law clerk to Justice David Souter and Judge Sandra Lynch of the First Circuit.

Geoffrey Sant is a partner and co-chair of Pillsbury Winthrop Shaw Pittman LLP's China Practice. Mr. Sant is fluent in four languages, including Chinese. He represents both U.S. and Chinese businesses and individuals in cross-border disputes, including representing such entities as Stanford University and Bank of China. He teaches "China in U.S. Litigation" at Columbia Law School. He also teaches "Fundamental Lawyering Skills" at Fordham Law School. His legal writings have been cited by the New York Court of Appeals, among other courts. One of his writings on Chinese law was selected by *The Atlantic* as an "Exceptional Work of Journalism." He has been honored by the China Business Awards, and he has been named a "Young Sinologist" by China's Ministry of Culture. He has a J.D. from NYU Law and a Masters in Chinese and Japanese literature from Columbia.

Amici write this amici brief in response to a request from the Court for independent, disinterested legal advice. Amici are not supporting any of the parties in these cases before the Court and are not being compensated by anyone.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Amici curiae respectfully submit this brief to respond to the request from the Court for disinterested legal advice. The Court asked for disinterested legal advice in order to resolve an issue of Chinese law, and to rule on applications for two default judgments. Because the defendants in the cases before the Court have not appeared, and do not have representation, the Court has concluded that it would benefit from amicus briefing regarding fundamental issues of Chinese law.

The principal questions raised by the Court are: (i) under Chinese law, whether or not a Chinese citizen can be served by foreign litigants by electronic means; and (ii) whether Article 90 (formerly "Article 87" before the law was amended in 2021) of the Civil Procedure Law of the People's Republic of China ("PRC Civil Procedure Law") or other pertinent Chinese legal authority permits service by electronic means where consent has been given. Furthermore, assuming that service by electronic means is appropriate where consent has been given, the Court has asked the amici to brief what would constitute a proper manifestation of consent.

In sharp contrast to the United States, in China, the courts themselves serve documents on litigants. Service of process is the exclusive jurisdiction of the People's Courts and is understood to be a judicial act. Other individuals and organizations may not effectuate service under Chinese law. Accordingly, service made upon a Chinese citizen directly by another party to litigation will not be deemed effective under Chinese law, regardless of how such service is made.

Over the past decade, China's legislature and courts have repeatedly addressed the issue of proper service, and specifically the propriety of service by electronic means. Specifically, in 2012, PRC Civil Procedure Law set forth for the first time the possibility of service by electronic means in domestic litigations when consent has been given. Afterwards, the Amended PRC Civil Procedure Law (2017 and 2021) restated the legality of service by electronic means with

consent. In addition, the Supreme People's Court has issued several documents that make reference to using electronic means to effect service in civil proceedings. These judicial interpretations include: (i) the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China (2022); (ii) the Online Litigation Rules for People's Courts (2021); and (iii) the Q&A on the Pilot Reform Program of Separation between Complicated Cases and Simple Ones in Civil Procedure (I) (2020). The rules on electronic service and service based on consent are further discussed below. However, as noted above, service (including by electronic means and/or by consent) may only be made by a People's Court.

## ANALYSIS

**I.  Article 284 (formerly Article 277)[1] of the PRC Civil Procedure Law Requires Service of Process for Foreign Litigation to Be Conducted through Chinese Authorities; Direct Service of Process by a Foreign Agency or Individual is Not Permitted**

Chapter 27 of the PRC Civil Procedure Law (Articles 283-290) governs judicial assistance. Article 284 (formerly Article 277) directly addresses requests for judicial assistance, including service of process, within China. Article 284 states:

> "A request for and the provision of judicial assistance shall be conducted through channels stipulated in the international treaties concluded or acceded to by the People's Republic of China, and in the absence of treaty relations, shall be conducted through diplomatic channels.
>
> "An embassy or consulate of a foreign country in the People's Republic of China may serve documents on, investigate, or collect evidence from the citizens of that country, provided, however, that the laws of the People's Republic of China are not violated and that no compulsory measures are adopted.
>
> "Except for the circumstances specified in the preceding paragraph, no foreign agency or individual may serve documents, conduct investigations

---

[1] The text of revised Article 284 is identical to the prior Article 277.

3

or collect evidence within the territory of the People's Republic of China without the consent of the in-charge authorities."

The reference to "channels stipulated in the international treaties" in the first paragraph of Article 284 includes procedures specified in the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"). This means that service of process for litigation overseas may only be made through China's Ministry of Justice, which is the designated "central authority"[2] as specified in the Hague Service Convention. A foreign litigant must apply to the Ministry of Justice to effect service of process in China. If the Ministry approves the request, it will forward the materials to the Supreme People's Court, which will engage in its own review of the request.[3] Upon approval, the Supreme People's Court will refer the request to the relevant intermediate or first-instance court where the person to be served is located.[4] That court will again review the materials and, if approved, will complete the service of process itself.[5] Proof of service is then returned through the same channels (local court to Supreme People's Court to Ministry of Justice).[6]

The third paragraph of Article 284 makes clear that foreign litigants may not themselves serve legal documents within Chinese territory without specific approval of the relevant authorities.[7] Furthermore, upon acceding to the Hague Service Convention, China objected to Article 10 of the Hague Service Convention, denying service by postal channels. Thus, service of process by a foreign litigant on a party in China will be held to be invalid and illegal unless it is

---

[2] https://www.hcch.net/en/states/authorities/details3/?aid=243

[3] Please locate the hyperlink of "The FAQs are available here" on the website:
https://www.hcch.net/en/states/authorities/details3/?aid=243

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] The only exceptions are set forth in the second paragraph; these relate to service of process by an embassy or consulate of a foreign country on citizens from its own country.

4

done via the relevant Chinese authorities, meaning the Hague Convention Central Authority within the Ministry of Justice. Service of process for a foreign legal proceeding that is not done through the relevant authority is viewed as an infringement on China's judicial sovereignty and thus is not permitted.

## II. Service by Electronic Means May Be Used Under PRC Law for Litigation Within China With the Express Consent of the Receiving Party (But Service Must Be Made By the People's Court, Which Must also Receive Confirmation of Delivery)

As noted above, a Chinese court would view Article 284 as dispositive in this case. Nevertheless, we understand that it may be helpful to the Court to understand situations in which Chinese law permits service of process via electronic means in cases tried in China. Article 90 (formerly Article 87)[8] of the PRC Civil Procedure Law permits service by electronic means in domestic litigation. Article 90 states: "Upon consent of the party on whom litigation documents are to be served, the People's Court may adopt an electronic method of service of litigation documents the receipt of which can be acknowledged." The language of Article 90, which permits service by electronic means, states that such service may be adopted and utilized by "the People's Court" – not by litigants. Moreover, as discussed above, the PRC Civil Procedure Law is clear that only a People's Court can effectuate service of process.

The language "consent of the party" within Article 90 refers to consent of the party to be served process by the People's Court. Article 136 of the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China states that confirmation should be made through the same form that litigants use to confirm their

---

[8] The 2021 amendment to the PRC Civil Procedure Law caused what had previously been Article 87 to be renumbered as Article 90. However, the amendment had no impact on the actual content of Article 90.

5

address for service of process.⁹ The Supreme People's Court has also provided a standard form or template to be used for such purposes.¹⁰ In practice this means that prior to using electronic service, a Chinese court will first have a litigant sign a confirmation form agreeing to electronic service.

The legal effect of consent to electronic service stipulated in a private agreement entered into prior to litigation is less clear. Nevertheless, amici understand, based on communications with local practitioners, that Chinese courts are increasingly encouraging use of electronic service, provided consent to such service is unambiguous and freely given and that the court confirms the relevant address being used and obtains confirmation that service has been effective.¹¹ Chinese courts will review such agreements to ensure that the notification provision is clear and includes the specific address to be used for electronic delivery.

In 2021 the Supreme People's Court issued the Online Litigation Rules for People's Courts (the "Online Litigation Rules"). These Rules are intended and designed for cases that are tried online – meaning via special online tribunals and procedures in China – and are not for use in ordinary litigation in general jurisdiction courts of first instance. Nevertheless, the Rules provide persuasive authority as to how the Supreme People's Court understands what is required for effective electronic service of process by a People's Court. The Rules state that a People's

---

⁹ Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China, Article 136 (where a person to be served agrees to adopt electronic service, it shall be confirmed in the confirmation form for confirming the address to be used for service).

¹⁰ The form is available online: https://www.court.gov.cn/susongyangshi-xiangqing-378.html.

¹¹ In addition, the Supreme People's Court has also affirmatively encouraged the use of electronic service based on consent. For example, the third paragraph of the Supreme People's Court's 2016 document, Several Opinions of the Supreme People's Court on Further Promoting the Efficient Distribution of Complex and Simple Cases and Optimizing the Allocation of Judicial Resources, states that:

> "Electronic service of the litigation document shall be positively used; and if a party consents to electronic service, he should provide and confirm his address for electronic delivery such as fax number, e-mail address, or WeChat ID."

6

Court may find consent to electronic service (where the service is made by the People's Court) under the following circumstances:

    (i)    The person on whom the litigation documents are to be served clearly expresses his/her consent;

    (ii)    The addressee has made an agreement or commitment on the application of electronic service before litigation;

    (iii)    The addressee voluntarily provides the electronic address for receiving service in the statement of claim, petition for appeal, application form or statement of defense submitted; or

    (iv)    The addressee accepts a completed electronic service by replying acknowledgement of receipt, participating in litigation or otherwise, and does not expressly dispute the electronic service.

Article 29 of the Online Litigation Rules for People's Courts.

In addition to a pre-litigation agreement consenting to electronic service, the People's Court also may confirm that the addressee agrees to the electronic service through other acts, such as obtaining consent by telephone, confirmation letter, or online litigation platform.[12] *See* Article 30 of the Online Litigation Rules.

The Supreme People's Court addressed the question of what constitutes valid consent to electronic service of process in 2020. In the Q&A on the Pilot Reform Program of Separation between Complicated Cases and Simple Ones in Civil Procedure (I*)* issued by the Supreme People's Court in April 2020 ("the SPC Notice", "民事诉讼程序繁简分流改革试点问答口径 (一)"), the Supreme People's Court provided the following principles regarding confirming consent as to the service of process or other documents by electronic means:

    (i)    If the addressee explicitly agrees to use electronic means, *e.g.*, by voluntarily proposing to use electronic means or by filling in a

---

[12] The litigation platform is a digital system that provides online litigation services for the parties and lawyers, such as online case filing, case inquiry, online document reading, submission of materials, contacting the judge, electronic service, evidence exchange, online court session, etc. It bears some similarities to use of PACER in U.S. litigation.

7

     service address form [with an electronic address], it will be deemed that consent exists;

(ii) If, prior to the dispute, the addressee agreed in writing to use electronic means for the service of documents in litigation, consent exists; however, such a written provision may be deemed invalid if it is part of a standard form agreement, and the party providing the standard form agreement did not specifically inform the other party about the existence of this clause in the agreement, or where the party enforcing the agreement failed to properly remind the addressee of the existence of this standard clause;

(iii) If the addressee provides any electronic address during the litigation (*e.g.*, in the complaint or reply) without specifying the purpose of doing so, the Court needs to confirm with the addressee whether the electronic address has been provided for use in serving documents, or if it is merely intended for convenience in communication. It is improper for the Court to conclude that the addressee has provided consent to the service of documents when this conclusion is based solely on the fact that the addressee uses an electronic address when logging into the electronic platform for litigation;

(iv) If a court uses any electronic address for the service of documents and the addressee replies to confirm its receipt or the addressee attends the litigation, the service is deemed to be effective. If the addressee later objects to the service, the service prior to the addressee's objection is still effective but service by electronic means can no longer be used after the addressee's objection.

*See* Question No. 35 of the SPC Notice.

  Amici note that the SPC Notice is not a generally applicable rule applicable to all courts in China, but was instead intended as guidance to a subgroup of 15 courts that were participating in a pilot reform in how simple and complex litigation cases are dealt with by the courts. Nevertheless, the guidance as to service set forth above appears to be generally applicable. At a minimum, the guidance is persuasive authority.

  With respect to the standard form agreement mentioned in section (ii) of the Question No. 35 of the SPC Notice, Article 496 of the Civil Code of PRC defines the "standard term" and explains when a standard term in a standard form agreement is valid:

8

> "Standard terms are clauses which are prepared by one party in advance for repeated use and which are not the subject of negotiation with the other party when concluding a contract.
>
> Where standard terms are adopted in concluding a contract, the party providing the standard terms shall observe the principle of fairness in determining the rights and obligations of the parties, *remind the other party in a reasonable way of the provisions that greatly affect the other party, such as those that exclude or mitigate the liability of the party providing the standard terms, and explain the standard terms at the request of the other party. If the party providing the standard terms fails to perform the obligation of reminding or explanation, causing the other party to fail to notice or understand the terms in which it has a material interest, the other party may claim that the terms do not constitute the contents of the contract.*"

*See* Article 496 of the Civil Code of PRC (emphasis added).

For the benefit of the Court, amici hereby provide a few examples of specific cases in which courts determined consent either existed or did not exist. With respect to consent, in *Huang Kegang v. Shayang County Enyu Nursery Stock Company, et al.*, Case No. (2021) E 08 Min Xia Zhong No. 72, the Hubei Jingmen Intermediate People's Court found that service was effective when the addressee responded to the service platform staff at the phone number on file and the service platform displayed that service by text message was successfully made to that phone number. Citing to Article 29 (iv) of the Online Litigation Rules, the appellate court held that the addressee consented to electronic service by replying to the delivery, attending the court proceedings, and not expressing any objection to electronic service.

In *Huang Zunbao v. Pingdingshan Zhongjian Construction Equipment Leasing Co., Ltd.*, Case No. (2021) Yu 04 Min Zhong No. 731, the Henan Pingdingshan Intermediate People's Court found that service was effective when the addressee signed a confirmation as to the address for service and agreed to electronic service. Similarly, in *Chongqing Alibaba Microfinance Co., Ltd. v. Chen Zhuangqun*, Case No. (2017) Zhe 8601 Min Chu No. 943, the People's Court found that service was effective because the online loan agreement between the

9

parties contained a clause in which the defendant agreed to use either his cell phone number or the email linked to his Ali Pay for purpose of service of process. According to the Court, the contract between the two parties (which provided the addresses for electronic service) was equivalent to a written confirmation as to the address of service. Therefore, the Court held that the parties had agreed upon and specified the electronic service method within the agreement between the parties, and that this agreement was effective and equivalent to a confirmation of service address.

    As far as amici are aware, the Supreme People's Court has not directly addressed the issue of whether a party's consent to electronic service in a standard form contract with Party A would be construed as consent to electronic service in a litigation with Party B (a third-party to Party A). In the present cases, amici understand that the plaintiffs assert that consent to electronic service in a contract with a third-party should also be deemed as consent to electronic service in a litigation with the plaintiffs. The Supreme People's Court has not addressed this specific issue, and amici have likewise failed to locate any clear answer to this question from other Chinese sources. Therefore, amici cannot definitively state whether valid consent to one counterparty could also constitute consent to electronic service by a separate third-party allegedly affected by the transaction. Nevertheless, it is clear that Chinese courts take a strict view of adhesion contracts. The language in the SPC Notice suggests that Chinese courts would likely not authorize service of process via email where consent was given solely in a standard form agreement with a separate third-party, especially if there is no evidence that the specific clause

10

regarding electronic service was highlighted or pointed out at the time of entering the agreement.[13]

Although consent to electronic service is required for litigants within China, such consent is not required when using electronic means to effect service on litigants outside of China. Article 274 of the Civil Procedure Law governs service of process on parties not domiciled in China. Clause 7 states that service of process on those outside of China may be made "by fax, email or any other means capable of confirming receipt by the person to be served."[14] Clause 7 does not require that such means of electronic service be legal in the jurisdiction in which such notice is served. Likewise, although Clause 1 of Article 274 references procedures established pursuant to international agreements, there is no requirement that Chinese courts first attempt service of process via the Hague Convention before engaging in direct service of process via email. Although there appear to have been few cases in China in which defendants have contested such overseas service of process via email, in one recent high-profile case a Chinese court explicitly relied on Article 274 to uphold service of process by email against a defendant who argued that service via email was invalid in the defendant's home jurisdiction of Delaware.[15]

In order for electronic service to be effective in China, the court making such service must also obtain proof of delivery. Pursuant to Article 29 of the Online Litigation Rules, "upon

---

[13] As stated above, amici believe that Chinese courts would likely reject the idea that consent to counterparty A constitutes consent to electronic service by third-party B. Nevertheless, amici once again emphasize that they have been unable to find clear authority as to this precise issue.

[14] Civil Procedure Law, art. 274.

[15] *Xiaomi v. Inter Digital, Inc.* (Case No.: (2020) E 01 Zhi Min Chu No. 169 (ii)). The case does not appear to be available on the Supreme People's Court's public repository of cases, but has been reposted and is available elsewhere online. https://perma.cc/P6CW-WCLX. In addition to using email, the Court also stated that it had mailed the service of process to the defendants.

consent of the addressee, the People's Court may, through the service platform,[16] serve litigation documents and evidentiary materials to the e-mail, instant messaging account, special account for the litigation platform[17] and other electronic addresses of the addressee in accordance with the relevant provisions of laws and judicial interpretations." The reference to using a service platform, which generates a delivery report confirming receipt, indicates the importance of ensuring successful delivery for electronic service to be effective. As discussed above, Article 30 of the Online Litigation Rules discusses other mechanisms by which a court may confirm receipt. This indicates that, under Chinese law, it is important to confirm receipt when documents are served electronically.[18]

Service on the addressee is deemed effective when the information reaches the system where the electronic address is located (if the electronic address has been proactively provided or confirmed by the addressee). *See* Article 31 of Online Litigation Rules. If the addressee has failed to proactively provide or confirm a valid electronic service address, the People's Court shall determine whether or not electronic service was effective based on the following considerations:

(i) where the addressee replies that he/she has received the documents or has conducted corresponding litigation activities according to the contents of the documents, the documents shall be deemed to have been effectively served; and

(ii) where the system where the electronic address of the addressee is located gives the feedback that the addressee has read the documents, or there is any other evidence to prove that the documents have been received by the addressee, the documents shall be presumed to have been effectively served, except where

---

[16] The delivery platform is a system that can send legal documents to the parties' mobile phones electronically. The system will automatically generate a delivery report as a receipt after the party receiving documents.
[17] The "litigation platform" is described in footnote 5, supra.
[18] Note that Article 29 once again repeats that service must be conducted by "the People's Court."

the addressee is able to prove that there is a system error, that the addresses are not used by him/her, that he/she has not read the documents, or that he/she has not received the documents.

Article 31 of the Online Litigation Rules for People's Courts.

## CONCLUSION

Chinese law permits service of process by electronic means on Chinese residents in litigation tried in China. However, service in China must be conducted by a People's Court. Service in China by electronic means on a Chinese citizen *directly by a foreign litigant* for litigation outside of China is not effective under Chinese law.

Should this Court find it helpful, amici are available to answer any questions this Court may have.

Dated: June 7, 2022
New York, New York

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Geoffrey Sant*
    Geoffrey Sant
    Carol Lee
    Michelle Ng
    31 West 52nd Street
    New York, New York 10019
    Tel: (212) 858-1000
    Fax: (212) 858-1500
    geoffrey.sant@pillsburylaw.com
    carol.lee@pillsburylaw.com
    michelle.ng@pillsburylaw.com

    *Attorneys for Professor Benjamin Liebman*